# United States Court of Appeals

## For the Eighth Circuit

_____

No. 19-2158

_____

Charlene F. McDonald, individually and on behalf of a class of all other persons similarly situated, and on behalf of the Edward D. Jones & Co. Profit Sharing and 401(k) Plan; Windle Pompey

*Plaintiff*s

Valeska Schultz; Melanie Waugh; Rosalind Staley

*Plaintiffs - Appellees*

v.

Edward D. Jones & Co., L.P.

*Defendant - Appellee*

The Jones Financial Companies

*Defendant*

The Edward Jones Investment and Education Committee

*Defendant - Appellee*

John & Jane Does, 1-25

*Defendant*

Brett Bayston; Bonnie Caudle; Mark Vivian; Stina Wishman; Jan-Marie Kain; Linda Banniester; Ann Echelmeier; Curtis Long; David Gibson; Ken Blanchard; Jason Jonczak; Julie Rea; Asma Usmani; Glenn Kolod; Juli Johnson; Jess Dechant; Peggy Robinson; Edward Jones Profit Sharing and 401(k) Administrative Committee; John Does, 1-30

*Defendants - Appellees*

v.

Shiyang Huang

*Objector - Appellant*

Anna Mae Krause; Heath J. Petsche

*Objectors*

————————

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

————————

Submitted: January 23, 2020
Filed: January 31, 2020
[Unpublished]

————————

Before SHEPHERD, STRAS, and KOBES, Circuit Judges.

————————

PER CURIAM.

-2-

In this Employee Retirement Income Security Act (ERISA) class action, objector Shiyang Huang appeals the district court's[1] judgment certifying a settlement class, approving the settlement agreement, and awarding attorneys' fees and case contribution awards. Initially, we find that plaintiffs had standing to bring the class action. See Campbell-Ewald Co. v. Gomez, 136 S. Ct. 663, 670-71 (2016) (without accepted settlement agreement, parties remained adverse); In re SuperValu, Inc., 870 F.3d 763, 768 (8th Cir. 2017) (putative class action can proceed as long as one named plaintiff has standing); Braden v. Wal-Mart Stores, Inc., 588 F.3d 585, 592-93 (8th Cir. 2009) (plan participant had standing to pursue ERISA breach of fiduciary claim on behalf of plan).

We also conclude that the district court did not abuse its discretion in certifying the class under Federal Rule of Civil Procedure 23(b)(1)(A), as the action was brought on behalf of the plan and requested plan-wide relief, raising the risk of inconsistent adjudications that would establish incompatible standards of conduct for defendants if individual actions were brought. See Rattray v. Woodbury Cty., 614 F.3d 831, 835 (8th Cir. 2010) (standard of review); Piazza v. Ebsco Indus., Inc., 273 F.3d 1341, 1352 (11th Cir. 2001) (because ERISA breach of fiduciary duty claims were brought on behalf of plan and relief would benefit plan as whole, individual actions raised risk of inconsistent adjudications, and Rule 23(b)(1)(A) certification was available). Further, the named plaintiffs' case contribution awards did not render their interests adverse to those of the class, and the court did not abuse its discretion in granting the awards and attorneys' fees. See Caligiuri v. Symantec Corp., 855 F.3d 860, 865, 867-68 (8th Cir. 2017) (standard of review; $10,000 awards were not unfair to class, and are regularly granted by courts in this circuit); In re Online DVD-Rental Antitrust Litig., 779 F.3d 934, 943, 954 (9th Cir. 2015) (awards compensating representatives for work done on behalf of class and commensurate with awards in similar cases did not create impermissible conflict between class and representatives;

[1]The Honorable John A. Ross, United States District Judge for the Eastern District of Missouri.

no abuse of discretion in awarding attorneys' fees where fee motion was filed by court's deadline, which was 15 days before deadline for members to object).

The judgment is affirmed.  <u>See</u> 8th Cir. R. 47B.

_____